896 A.2d 472

IN THE MATTER OF VIJAY M. GOKHALE, AN ATTORNEY
AT LAW (ATTORNEY NO. 004151983).

May 2, 2006.

ORDER

The Disciplinary Review Board having filed with the Court its
decision in DRB 05–341, concluding that **VIJAY M. GOKHALE**
of **ISELIN**, who was admitted to the bar of this State in 1983, and
who thereafter was temporarily suspended from the practice of
law by Order of the Court filed September 18, 2003, and who
remains suspended at this time, should be suspended from the
practice of law for a period of one year for violating RPC 1.1(a)
(gross neglect), RPC 1.3 (lack of diligence), RPC 1.15(b) (failure to

promptly pay funds to third parties), *RPC* 1.15(d) (recordkeeping violations), *RPC* 1.16(a)(1) (failure to withdraw from representation), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(b) (criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and *Rule* 1:20–20 (future activities of suspended attorneys);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to satisfy the deficiencies for which he was temporarily suspended in 2003 and successfully complete the Skills and Methods course offered by the Institute for Continuing Legal Education, and that on reinstatement, he should be required to practice under the supervision of a practicing attorney for a period of two years;

And good cause appearing;

It is ORDERED that **VIJAY M. GOKHALE** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective September 18, 2003; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics that he has successfully completed the Skills and Methods course offered by the Institute for Continuing Legal Education; and it is further

ORDERED that prior to reinstatement, respondent shall demonstrate that he has complied fully with the Office of Attorney Ethics in its investigation and that he has accounted for and properly disbursed the client funds in his trust account; and it is further

ORDERED that on reinstatement, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years, and until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.